## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP. f/k/a AMERITAS VARIABLE LIFE INSURANCE COMPANY and AMERITAS INVESTMENT CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL A. GIST and ARCH INSURANCE COMPANY, a Missouri corporation<br><br>Defendant. | Civil Action No. 4:08-cv-3249<br><br>**PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c) and the stipulation of the parties, the Court enters this Protective Order to govern the handling of Confidential Information revealed in the course of disclosure, discovery and trial of this action:

1. The parties wish to facilitate the disclosure of certain records which relate to and/or contain information about third parties, not currently involved in this litigation.

2. Confidential Information revealed in this litigation shall be designated by: (a) stamping or marking the word "Confidential" on the first page or cover of any document or documents produced, (b) identifying information as "Confidential" in any response to a discovery request, (c) giving notice that testimony is confidential during a deposition, or (d) by sending written notice to the receiving party identifying by bates label (or in the case of depositions, page numbers) the documents or material that are to be treated as confidential.

3. All Confidential Information revealed to a party or counsel may only be used for the purpose of this litigation, except as provided by this Protective Order or otherwise authorized by

Court Order. Documents and information designated as "confidential" by a party shall be disclosed only to counsel of record, their clerical personnel, paralegals, experts, expert consultants, financial advisors, insurance carriers and investigators, as well as the parties and their representatives, the Court and its employees, and stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this litigation for use in connection with this litigation. Confidential documents and information may be disclosed to other persons, including expert witnesses and/or consultants who may testify in this case or whose assistance is required by counsel in conducting this litigation. Counsel disclosing such information shall first inform the person that the information being disclosed is subject to this Protective Order, and shall provide a copy of said Protective Order prior to the disclosure.

4. A party may object to the designation of information as confidential by written notice to the party making the designation. If the parties cannot resolve the objection with ten business days after notice of the objection is received, it is the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. It is the burden of the party seeking protection under this Order to establish good cause for the information to be treated as confidential. Any information that is the subject of a motion seeking protection under this Protective Order shall be treated as confidential under the terms of this Protective Order until the Court rules on the Motion. If no motion is filed, the disputed information loses its designation as confidential and the protections provided by this Protective Order.

5. If it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed under seal

and protected from public disclosure pursuant to NECivR 7.5. To protect the privacy or privilege interests of the parties, Confidential Information filed with the Court under shall remain under seal indefinitely, unless otherwise ordered by the Court.

6. If Confidential Information is to be filed with the Court as an Exhibit to any pleading, and the sole reason the material is "Confidential Information" is that it contains information that should be redacted pursuant Fed. R. Civ. P. 5.2, said exhibit and pleading need not be filed under seal if the private information is properly redacted pursuant to Fed. R. Civ. P. 5.2.

7. The parties have agreed that the terms and conditions of this Protective Order survive the termination of this litigation. At the conclusion of this litigation, any party in possession of Confidential Information will ensure that it is stored in a manner that ensures compliance with the terms and conditions of this Protective Order. The termination of this action shall not relieve counsel or other persons obligated under this Protective Order from their responsibility to comply with the terms of this Protective Order. The Court shall retain jurisdiction to enforce the terms of this Order.

8. This Protective Order does not preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion to address the manner in which Confidential Information shall be treated at trial or hearing in this matter.

9. By agreeing to the entry of this Protective Order, the parties have adopted no position as to the authenticity or admissibility of documents produced subject to it. The designation or non-designation of information as confidential, or any other action taken pursuant to this Protective Order, including the failure to object to a designation, shall not be construed as a waiver of any claim or defense in this action.

Dated this 2nd Day of September, 2010.

BY THE COURT:

s/ Cheryl R. Zwart

United States Magistrate Judge